Hillsborough,
No. 4651.

WORCESTER NORTH SAVINGS INSTITUTION

*v.*

SOMERVILLE MILLING COMPANY & a.

Argued May 6, 1958.

Decided May 29, 1958.

308

*Burns, Calderwood, Bryant & Hinchey* (*Mr. Calderwood* orally), for the plaintiff.

*Angus M. MacNeil* (by brief and orally), *pro se* and for the other defendants.

KENISON, C. J.  It is hornbook law that the validity and effect of conveyances and mortgages of real estate are determined by the law of the state where the real estate is located.  Goodrich, Conflict of Laws (3rd *ed.*) *ss.* 148, 152.  The same rule is applied to the validity, method and effect of a mortgage foreclosure.  N. H. Anno. Restatement, Conflict of Laws, *s.* 227; 2 Beale, Conflict of Laws, *s.* 227.1.  The fact that the corporate defendants were organized in Massachusetts and that the other defendants are resident therein is clearly immaterial since this proceeding to quiet title is local in character and governed by the law of this state. *Bancroft* v. *Conant,* 64 N. H. 151.  The Trial Court correctly

ruled that New Hampshire was the proper jurisdiction to determine the validity of the mortgage foreclosure which was the basis of the plaintiff's title. *Bryant* v. *Morrison,* 44 N. H. 288.

The defendants claim the foreclosure sale is void because the last title owner of the property, Union Heights Oil Company, did not receive notice of the sale. After the named defendant, Somerville Milling Company, had mortgaged the property to the plaintiff, it conveyed its interest by a deed bearing no revenue stamps to MacNeil Bros. Company. Later MacNeil Bros. Company conveyed its interest by deed bearing no revenue stamps to Union Heights Oil Company. The defendant, Angus M. MacNeil, was president and director of these three corporations. The Union Heights Oil Company as well as the Union Heights Oil Company, Inc. had been dissolved by decree of the Supreme Judicial Court of Massachusetts in 1954, prior to the foreclosure sale on November 1, 1955. It is undisputed that notice of the foreclosure sale was sent to the mortgagor, Somerville Milling Company, and as a matter of law that was sufficient. RSA 479:25 II; *Armille* v. *Lovett,* 100 N. H. 203.

As a matter of recommended procedure the record shows that notices were also sent to MacNeil Brothers Company, Angus M. MacNeil, and to the Union Heights Oil Company by sending the notice "to Angus M. MacNeil, the last president of Union Heights Oil Company before its dissolution." *Armille* v. *Lovett, supra.* This was notice above and beyond the call of legal duty. Pertinent but not definitive of this point is the holding in *State* v. *Cote,* 95 N. H. 108, 112: "If the defendant . . . chose to do business under a myriad of interlocking trade-names and corporations and kept the records so combined and inter-related that they cannot be distinguished, he cannot complain because they are treated as basically impersonal and corporate rather than personal and private." The defendants' exception based on lack of proper notice is without merit.

Another argument advanced by the defendants in their brief is quoted in full: "The alleged foreclosure sale was invalid and void for the reason that; The Union Heights Oil Company, not the named defendant (Union Heights Oil Co. Inc.) was never served with process in this case and did not appear voluntarily before the Court. R. p. 66 line 30 - line 40. In the absence of service of process and opportunity to be confronted with the allegations made before being subjected to any decree is a denial of due process of

law. See Windsor v. McVeigh in 93 U. S. Reports." The argument is in effect that the bill in equity named the wrong defendant and therefore the proceedings are invalid as against the holder of the equity of redemption. The answer to this is that the Trial Court could and did allow an amendment to correctly name Union Heights Oil Company as party defendant. *Bourget* v. *Company*, 97 N. H. 193, 194; *Remick* v. *Company*, 82 N. H. 182, 184. The attorney for the defendants was president, director and organizer of both corporations and it could be found that justice required the action taken.

It is claimed that the defendants Donald M. MacNeil, John E. Doris and James T. MacNeil, as holders of an unrecorded second mortgage, are beneficiaries under the Soldiers and Sailors Civil Relief Act, 50 U. S. C. A., (app.) *s.* 532, and that foreclosure sale is in violation of this statute. The mortgage has not been produced in court, there is no evidence that these defendants are in the military service and there are no facts showing that the statute is applicable to this case. Consequently there is no basis for this court to make any determination under the statute.

Various other objections are urged by the defendants to the effect that the New Hampshire court has no jurisdiction of this proceeding to quiet title. However, they are predicated on statements and arguments of counsel rather than evidence except for preliminary and inadequate documents which fail to show any lack of jurisdiction or erroneous rulings by the Trial Court. All the defendants' exceptions have been considered but we find nothing in the record to indicate that they should be sustained. Accordingly the order is

*Exceptions overruled.*

All concurred.